# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CENTRAL FLORIDA LIQUIDATION AND SALES, LLC, and L & M ENTERPRISES USA, LLC, individually and on behalf of all others similarly situated,** <br><br> Plaintiffs, <br><br> v. <br><br> **EVO PAYMENTS INTERNATIONAL, LLC, and EVO MERCHANT SERVICES, LLC,** <br><br> Defendants. | Civil Action No. 2:17-cv-4507-JMA-GRB |

## DEFENDANTS' ANSWER AND DEFENSES

Defendants EVO Payments International, LLC and EVO Merchant Services, LLC (together, "EVO") hereby answer Plaintiffs' Class Action Complaint.

Pursuant to Federal Rule of Civil Procedure 8(b)(3), unless expressly admitted below, all contents of the Complaint, including the allegations in the numbered paragraphs, headings, titles, and Prayer for Relief are expressly denied. EVO answers the Complaint's separately numbered paragraphs as follows:

### INTRODUCTION

1. EVO admits that this is a civil action in which Plaintiffs seek monetary damages, restitution, and declaratory relief against EVO, but denies that Plaintiffs are entitled to any form of relief and denies the remaining allegations in paragraph 1.

2. EVO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. EVO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. EVO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. EVO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 5. EVO admits that the processing of a card transaction generally involves the parties identified in paragraph 5 subsections a. – e., but denies that the description of those parties is accurate or complete.

6. EVO admits that a merchant may interact with an ISO or merchant acquirer to obtain access to payment processing services. EVO denies any remaining allegations in the first sentence in paragraph 6. The second sentence in paragraph 6 is not an allegation to which an answer is required.

7. EVO admits that a merchant may discuss with a merchant acquirer, and perhaps even reach consensus, as to the fees and charges to be paid for payment processing services and that there are various fees and charges applicable to those services. EVO denies that these discussions or interactions between merchants and merchant acquirers can be generalized beyond this level and denies any remaining allegations in paragraph 7.

8. EVO admits that as to merchants utilizing EVO's payment processing services, billing statements are periodically made available to the merchant that reflect the prior month's activity and specify the fees imposed as to that activity. EVO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

9. EVO denies that merchants utilizing EVO's payment processing services are unable or find it difficult to understand the fees and charges paid. EVO admits that different merchants might have different levels of understanding, or may conduct different levels of inquiry into these fees or charges, and on this and other bases, are not similarly situated. EVO denies the remaining allegations in paragraph 9 as they relate to EVO.

10. EVO denies the allegations in paragraph 10 as they relate to EVO.

11. EVO denies the allegations in paragraph 11 as they relate to EVO.

12. EVO denies the first sentence of paragraph 12. In answer to the remaining allegations in paragraph 12, EVO refers to the indictment attached as Exhibit 1 to the Complaint as the best evidence of its content, denies any allegations inconsistent with the terms of the indictment, and denies any remaining allegations in paragraph 12.

13. EVO admits that the Plaintiffs in this case purport to challenge the amount and nature of the fees that EVO imposes for payment processing services, but EVO denies any allegation of wrongdoing. EVO denies any remaining allegations in paragraph 13.

## JURISDICTION AND VENUE

14. EVO admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

15. EVO admits that, as to the named Plaintiff's claims, this Court can exercise personal jurisdiction over EVO and is the proper venue for pursuing those claims. EVO does not admit, and specifically denies, that this Court can exercise personal jurisdiction or is the proper venue for claims as to the unnamed class members.

16. EVO admits that, as to the named Plaintiff's claims, this Court can exercise personal jurisdiction over EVO and is the proper venue for pursuing those claims. EVO does not admit, and specifically denies, that this Court can exercise personal jurisdiction or is the proper venue for claims as to the unnamed class members.

## THE PARTIES

17. EVO admits that Plaintiff Central Florida Liquidation and Sales, LLC ("CFLS") formerly processed transactions with EVO. EVO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17.

18. EVO admits that Plaintiff L & M Enterprises USA, LLC ("L&M") formerly processed transactions with EVO. EVO lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 18.

19. In answer to the allegations in paragraph 19, EVO refers to its website and any news sources cited by the Plaintiffs as the best evidence of their contents.

20. EVO admits the allegations in paragraph 20.

## FACTUAL ALLEGATIONS

21. EVO admits that it and its affiliates market processing services to merchants. EVO lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21.

22. EVO admits that each prospective merchant receives a Merchant Application that describes certain terms under which processing services will be provided to that merchant. EVO further states that this Merchant Application, along with the detailed terms and conditions associated with the Merchant Agreement, sets forth the terms under which processing services would be provided to that merchant. EVO denies any allegations in paragraph 22 that conflict with the terms of the Merchant Agreement and denies any remaining allegations contained in paragraph 22.

23. EVO admits that the Merchant Application, along with the detailed terms and conditions associated with the Merchant Agreement, sets forth the terms under which processing services would be provided to that merchant. EVO denies any allegations in paragraph 23 that conflict with the terms of the Merchant Agreement and denies any remaining allegations contained in paragraph 23.

24. EVO lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 24. To the extent the allegations in the first sentence of paragraph 24 reference Plaintiffs' Agreements, EVO refers to those Agreements as the best evidence of their contents. With regard to the allegations in the second sentence of paragraph 24, EVO admits that its merchant agreements have historically included a closure fee,

but denies the remaining allegations in the second sentence of paragraph 24.

25. EVO admits that certain merchants, and, at times, their personal guarantors, sign the Merchant Application and agree to be bound by the Merchant Agreement. EVO lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.

26. EVO denies the allegations in the first sentence of paragraph 26. The second sentence of paragraph 26 does not contain allegations to which an answer is required.

27. EVO admits that several different versions of the Terms have been used by EVO and its affiliates and predecessors over the last several years. EVO denies the remaining allegations in paragraph 27.

28. EVO denies the allegations in paragraph 28.

29. EVO denies the allegations in paragraph 29.

30. EVO denies the allegations in paragraph 30.

31. EVO denies the allegations in paragraph 31.

32. EVO denies the allegations in paragraph 32.

33. EVO denies the allegations in paragraph 33.

34. EVO denies the allegations in paragraph 34.

35. EVO denies the allegations in paragraph 35.

36. In answer to the allegations in paragraph 36, EVO refers to the indictment attached as Exhibit 1 to the Complaint as the best evidence of its content, denies any allegations inconsistent with the terms of the indictment, and denies any remaining allegations in paragraph 36.

37. In answer to the allegations in paragraph 37, EVO refers to the indictment attached as Exhibit 1 to the Complaint as the best evidence of its content, denies any allegations inconsistent with the terms of the indictment, and denies any remaining allegations in paragraph

37.

38. In answer to the allegations in the first sentence of paragraph 38, EVO refers to the indictment attached as Exhibit 1 to the Complaint as the best evidence of its content, denies any allegations inconsistent with the terms of the indictment, and denies any remaining allegations in paragraph 38.

39. EVO denies the allegations in paragraph 39.

40. EVO admits that CFLS and L&M are former merchant customers of EVO, but denies the remaining allegations in paragraph 40.

41. EVO denies the allegations in paragraph 41.

42. EVO denies the allegations in paragraph 42.

43. EVO denies the allegations in paragraph 43.

44. EVO denies the allegations in paragraph 44.

45. EVO denies the allegations in paragraph 45.

46. EVO denies the allegations in paragraph 46.

47. EVO denies the allegations in paragraph 47.

48. EVO admits that fees were deducted from Plaintiffs' accounts, as allowed by the Merchant Agreement, and would be shown on Plaintiffs' monthly statements. EVO denies the allegation that the fees were improper and involuntarily paid, and denies any remaining allegations in paragraph 48.

49. EVO denies the allegations in paragraph 49.

50. EVO denies the allegations in paragraph 50.

51. EVO admits that multiple fees may apply to a single credit card transaction. EVO denies all remaining allegations in paragraph 51.

52. EVO denies the allegations in paragraph 52.

53. EVO lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in the first sentence of paragraph 53. EVO denies all remaining allegations in paragraph 53.

54. EVO denies the allegations in paragraph 54.

55. EVO denies the allegations in paragraph 55.

## CLASS ALLEGATIONS

56. EVO admits that Plaintiffs purport to bring this action as a class action, but denies that any class should be certified.

57. EVO admits that Plaintiffs' purported class is defined as all EVO merchant customers in the United States that paid a fee or charge that was not authorized in the Merchant Processing Application.

58. Paragraph 58 does not contain allegations to which an answer is required. To the extent that an answer is required, EVO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59. EVO admits that Plaintiffs purport to exclude the listed individuals and entities from the proposed class in this action, but denies that any class should be certified.

60. EVO admits that Plaintiffs purport to limit the proposed class in this action by the dates of the applicable statute of limitations, but denies that any class should be certified. EVO also denies the remaining allegations in paragraph 60.

61. EVO denies the allegations in paragraph 61.

62. Paragraph 62 constitutes a legal conclusion to which no answer is required. To the extent that an answer is required, EVO denies the allegations in paragraph 62.

63. Paragraph 63 constitutes a legal conclusion to which no answer is required. To the extent that an answer is required, EVO denies the allegations in paragraph 63 and all its subparts.

64. Paragraph 64 constitutes a legal conclusion to which no answer is required. To

the extent that an answer is required, EVO denies the allegations in paragraph 64.

65. Paragraph 65 constitutes a legal conclusion to which no answer is required. To the extent that an answer is required, EVO denies the allegations in paragraph 65.

66. Paragraph 66 constitutes a legal conclusion to which no answer is required. To the extent that an answer is required, EVO denies the allegations in paragraph 66.

67. Paragraph 67 constitutes a legal conclusion to which no answer is required. To the extent that an answer is required, EVO denies the allegations in paragraph 67.

68. Paragraph 68 constitutes a legal conclusion to which no answer is required. To the extent that an answer is required, EVO denies the allegations in paragraph 68.

69. Paragraph 69 constitutes a legal conclusion to which no answer is required. To the extent that an answer is required, EVO denies the allegations in paragraph 69.

## CLAIM FOR RELIEF

### BREACH OF CONTRACT INCLUDING BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

70. EVO incorporates by reference all of its answers as if fully set forth herein.

71. EVO denies the allegations in paragraph 71.

72. EVO denies the allegations in paragraph 72.

73. EVO denies the allegations in paragraph 73.

74. EVO denies the allegations in paragraph 74.

75. Paragraph 75 constitutes a legal conclusion to which no answer is required. To the extent that an answer is required, EVO denies the allegations in paragraph 75.

76. Paragraph 76 constitutes a legal conclusion to which no answer is required. To the extent that an answer is required, EVO denies the allegations in paragraph 76.

77. EVO denies the allegations in paragraph 77.

78. EVO denies the allegations in paragraph 78.

79. EVO denies the allegations in paragraph 79.

PRAYER FOR RELIEF

EVO denies that Plaintiffs are entitled to any relief, whether legal, equitable, or otherwise requested in the Prayer for Relief, and denies any remaining allegations in these and any other portions of the Complaint to the extent not expressly admitted herein.

## DEFENDANTS' DEFENSES

### First Defense

The Complaint fails to state a cause of action upon which relief may be granted.

### Second Defense

Plaintiffs' claims are barred to the extent that they are untimely under the applicable statute of limitations and/or doctrine of laches.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and because Plaintiffs voluntarily paid the fees and charges that they now purport to challenge.

### Fourth Defense

Plaintiffs' claims are barred because those claims are inconsistent with the terms of the applicable contract; they have failed to comply with the requirements for preserving and pursuing those claims; and they have thus failed to satisfy the conditions required to challenge the fees and charges they incurred.

### Fifth Defense

Plaintiffs and members of the putative class failed to mitigate any claimed damages.

### Reservation of Rights to Assert Additional Defenses

EVO reserves its right to amend this pleading to respond to new claims or allegations by Plaintiffs and to assert additional defenses or counterclaims as appropriate.

WHEREFORE, EVO requests that the Court enter judgment in its favor, order that the Complaint be dismissed, and grant EVO such other and further relief as the Court may deem just and proper.

Respectfully submitted this 10th day of October, 2017.

*/s/ Peter Isajiw*
Peter Isajiw
NY Bar No. 4151239
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
T: (212) 556-2100
F: (212) 556-2222
pisajiw@kslaw.com

David L. Balser
Jonathan R. Chally (pro hac vice forthcoming)
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, Georgia 30309-3521
T: (404) 572-4600
F: (404) 572-5100
dbalser@kslaw.com
jchally@kslaw.com

*Counsel for Defendants*

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via the Court's CM/ECF system this October 10, 2017 on all counsel of record listed below:

    E. Adam Webb
    WEBB, KLASE & LEMOND, LLC
    1900 The Exchange, S.E., Suite 480
    Atlanta, Georgia 30339
    Adam@WebbLLC.com

*/s/ Peter Isajiw*
Peter Isajiw